WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Daniel Logan Tapia,<br><br>              Petitioner,<br><br>vs.<br><br>Charles Ryan, et al.,<br><br>              Respondents. | No. CV 13-00113-TUC-BPV<br><br>**ORDER** |

On February 22, 2013, Petitioner, Daniel Logan Tapia, confined in the Arizona State Prison Complex – Yuma, filed a *pro se* Petition for Writ of Habeas Corpus pursuant to Title 28, U.S.C. § 2254. (Doc. 1)[1] Respondents have filed an answer to the petition ("Answer") with exhibits A through G attached. (Doc. 9). Petitioner did not file a reply.

In accordance with the provisions of Title 28, U.S.C. § 636(c)(1), all parties consented to proceed before a United States Magistrate Judge to conduct any and all further proceedings in this case, including trial and entry of a final judgment, with direct review by the Ninth Circuit Court of Appeals if an appeal is filed. (Doc. 14.)

For the reasons discussed below the Court denies the Petition and dismisses this

---

[1] "Doc." refers to the documents in this Court's file.

case with prejudice.

I. **FACTUAL AND PROCEDURAL BACKGROUND**

On September 15, 2011, a grand jury indicted Petitioner on five drug related charges for offenses committed in August and September, 2011. Ex. B.[2] Petitioner and trial counsel appeared in court on January 10, 2012 for a pretrial conference, at which time Petitioner's counsel informed the court that here had been a plea offer and requested that the Court proceed with a *Donald*[3] hearing. Ex. C. Consequently, counsel for the State explained the terms of the offer and the "exposure" to Petitioner if he accepted the plea agreement. *Id*. The Court addressed Petitioner regarding the plea offer and the range of sentencing and requirement that a fine be imposed. *Id*. The Court further addressed Petitioner regarding the consequences of going to trial and the range of sentencing if Petitioner went to trial and lost. *Id*. Petitioner affirmed his understanding of the offer. *Id*.

On January 23, 2012, Petitioner accepted the State's offer and entered a plea of guilty to the knowing sale of methamphetamine. (Exs. D, E.) In exchange, the State dismissed four additional drug-related charges. (Exs. B, D.) On February 21, the trial court imposed a 9-year flat time sentence, as specified by the plea agreement. (Exs. D, F.) Petitioner acknowledged that he received a copy of the Notice of Rights of Review after Conviction but did not file anything in the state courts challenging his conviction or

---

[2] The exhibits in this order refer to the exhibits attached to Respondent's Answer (Doc. 9) unless otherwise indicated.

[3] Arizona courts conduct a *Donald* hearing to ensure the defendant has been informed of the content of the State's plea offer, where on had been made, and that the defendant understands the consequences of a decision to reject the offer. *See Arizona v. Donald*, 198 Ariz. 406 (App. 2000).

sentence. *See* Ex. G and Petition, at 5-7.

Petitioner's habeas corpus petition raises two grounds in support of his request for habeas relief:

(1) Petitioner was denied effective assistance of counsel in violation of the Sixth Amendment; and

(2) Petitioner's Fourth Amendment rights were violated when evidence from an illegally monitored phone was used against him and when he was wrongfully identified as the person being monitored.

Respondents argue that the Petitioner has procedurally defaulted his claims by failing to raise them in the state courts, and any return to state court to raise them now would be futile. Answer at 6-7.

**II.    DISCUSSION**

A.    The petition is timely.

A one year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court. 28 U.S.C. § 2244(d)(1).

Under the AEDPA, a state prisoner must generally file a petition for writ of habeas corpus within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review[.]"  28 U.S.C. § 2244(d)(1)(A).

Petitioner had until one year after his conviction and sentence became final to file his federal petition. Respondents do not contest the timeliness of the Petition. Upon

review of the state-court record, the Court finds that, pursuant to the AEDPA, the Petition is timely.

### B. The claims in the Petition are not exhausted.

A writ of habeas corpus may not be granted unless it appears that a petitioner has exhausted all available state court remedies. 28 U.S.C. § 2254(b)(1); *see also Coleman v. Thompson*, 501 U.S. 722, 731 (1991). To exhaust state remedies, a petitioner must "fairly present" the operative facts and the federal legal theory of his claims to the state's highest court in a procedurally appropriate manner. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999); *Anderson v. Harless*, 459 U.S. 4, 6 (1982); *Picard v. Connor*, 404 U.S. 270, 277–78 (1971).

"To exhaust one's state court remedies in Arizona, a petitioner must first raise the claim in a direct appeal or collaterally attack his conviction in a petition for post-conviction relief pursuant to Rule 32 [Arizona Rules of Criminal Procedure]." *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994). The failure to exhaust subjects the Petitioner to dismissal. *Gutierrez v. Griggs*, 695 F.2d 1195 (9th Cir. 1983). Petitioner states that he has not presented his claim to the Arizona Court of Appeals and his Petition makes clear that he has not attempted to avail himself of any state court remedies. Thus, the claims are not exhausted.

### C. The claims are procedurally defaulted.

A habeas petitioner's claims may be precluded from federal review in two ways. First, a claim may be procedurally defaulted in federal court if it was actually raised in state court but found by that court to be defaulted on state procedural grounds. *Coleman*,

501 U.S. at 729–30. Second, a claim may be procedurally defaulted if the petitioner failed to present it in state court and "the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." *Coleman*, 501 U.S. at 735 n. 1; *see also Ortiz v. Stewart*, 149 F.3d 923, 931 (9th Cir. 1998) (stating that the district court must consider whether the claim could be pursued by any presently available state remedy). If no remedies are currently available pursuant to Rule 32, the claim is "technically" exhausted but procedurally defaulted. *Coleman*, 501 U.S. at 732, 735 n. 1; *see also Gray v. Netherland,* 518 U.S. 152, 161-62 (1996).

In Arizona, claims not previously presented to the state courts on either direct appeal or collateral review are generally barred from federal review because any attempt to return to state court to present them would be futile unless the claims fit into a narrow range of exceptions. *See* Ariz.R.Crim.P. 32.1(d)-(h), 32.2(a) (precluding claims not raised on direct appeal or in prior post-conviction relief petitions), 32.4(a) (time bar), 32.9(c) (petition for review must be filed within thirty days of trial court's decision). Petitioner's claims do not fit within any exception and, therefore, return to the state courts would be futile and the claims are barred from federal review. *Stewart*, 536 U.S. at 860; *Ortiz v. Stewart*, 149 F.3d at 931-32 (Rule 32, Ariz.R.Crim.P. is strictly followed); *State v. Mata*, 916 P.2d at 1050-52 (waiver and preclusion rules strictly applied in PCR proceedings). These claims are "technically exhausted" but procedurally defaulted.

Because the doctrine of procedural default is based on comity, not jurisdiction, federal courts retain the power to consider the merits of procedurally defaulted claims.

*Reed v. Ross*, 468 U.S. 1, 9 (1984). However, the Court will not review the merits of a procedurally defaulted claim unless a petitioner demonstrates legitimate cause for the failure to properly exhaust the claim in state court and prejudice from the alleged constitutional violation, or shows that a fundamental miscarriage of justice would result if the claim were not heard on the merits in federal court. *Coleman*, 501 U.S. at 750.

Cause is defined as a "legitimate excuse for the default," and prejudice is defined as "actual harm resulting from the alleged constitutional violation." *Thomas v. Lewis*, 945 F.2d 1119, 1123 (9th Cir. 1991); *see Murray v. Carrier*, 477 U.S. 478, 488 (1986) (a showing of cause requires a petitioner to show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule"). Prejudice need not be addressed if a petitioner fails to show cause. *Thomas*, 945 F.2d at 1123 n.10. To bring himself within the narrow class of cases that implicate a fundamental miscarriage of justice, a petitioner "must come forward with sufficient proof of his actual innocence" *Sistrunk v. Armenakis*, 292 F.3d 669, 672-73 (9th Cir. 2002) (internal quotation marks and citations omitted), which can be shown when "a petitioner 'presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" *Id.* at 673 (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)).

Petitioner filed no reply but explained why he did not appeal, stating that that he had "signed plea." Petition at 5. Arizona, however, provides a specific remedy to defendants who plead guilty in the form of an of-right petition for post-conviction relief, pursuant to Arizona Rule of Criminal Procedure 32.1. In fact, Petitioner signed a form

entitled "Notice: Right to Review after Conviction," that informed him of his rights under Rule 32. *See* Ex. G.[4] The trial court also advised Petitioner of his right to review at the time of his sentencing hearing. Ex. F. at 5. Petitioner's alleged ignorance of Arizona judicial procedures is not sufficient cause for his failure to exhaust his claims. *See Hughes v. Idaho State Board of Corrections*, 800 F.2d 905, 908–09 (1986) (petitioner's pro se status, release of inmate assistant, and illiteracy not cause); *Tacho v. Martinez*, 862 F.2d 1376, 1381 (9th Cir. 1988) (mental state of pro se petitioner and incompetent jailhouse lawyer not cause); *see also Kibler v. Walters*, 220 F.3d 1151, 1153 (9th Cir. 2000) (ignorance of state law no excuse). Because Petitioner failed to show cause, prejudice need not be addressed. *Murray,* 477 U.S. at 488. Nor does he claim or show actual innocence. Because Petitioner has shown neither cause nor prejudice, nor actual innocence, to excuse his failure to exhaust his claims in the state courts, this Court cannot address them. *Murray*, 477 U.S. at 488; *Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003).

Accordingly,

IT IS ORDERED as follows:

(1) The Petition for Writ of Habeas Corpus (Doc. 1) is DENIED and this case is dismissed with prejudice.

---

[4] The Notice of Rights of Review after Conviction states: "YOU DO NOT HAVE A RIGHT TO APPEAL IF YOU HAVE PLED GUILTY OR NO CONTEST OR HAVE ADMITTED TO A VIOLATION OF CONDITIONS OF PROBATION. IN THAT CASE, RELIEF MAY BE SOUGHT ONLY BY PETITION OR POST_CONVICTION RELIEF. Rules 17.1, 17.2 and 27.8, Rules of Criminal Procedure, A.R.S. § 13-4033(B)." Ex. G.

(2)     The Clerk of the Court shall enter judgment accordingly and close the file in this matter.

(3)     Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, in the event Petitioner files an appeal, the Court declines to issue a certificate of appealability because reasonable jurists would not find the Court's procedural ruling debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dated this 7th day of May, 2014.

_____
Bernardo P. Velasco
United States Magistrate Judge